# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH M. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-23-463-G |
| | ) |
| STEVEN HARPE, Director, | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

Petitioner Joseph M. Jackson, a state prisoner, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for preliminary review.

On July 5, 2023, Judge Green issued a Report and Recommendation ("R. & R.," Doc. No. 7), in which she recommended the Petition be dismissed upon preliminary review for failure to plead a § 2241 habeas claim upon which relief can be granted. *See* R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts. Petitioner filed a timely written Objection (Doc. No. 8).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73

---

[1] The record reflects that Petitioner is currently housed at Lawton Correctional Facility, a privately operated prison. Accordingly, Steven Harpe, the current Director of the Oklahoma Department of Corrections, is hereby substituted as Respondent in this proceeding. *See* R. 1(b), 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

### I. Background

As alleged in the Petition and summarized in the R. & R., Petitioner is currently serving a life sentence with the possibility of parole for a 1983 first-degree murder conviction in the District Court of Oklahoma County, Oklahoma.

In October of 2022, Petitioner sought parole from the Oklahoma Pardon and Parole Board ("PPB") by applying through the Aging Prisoners' Parole system established in title 57, section 332.21 of the Oklahoma Statutes. "That statute generally empowers the [PPB] to grant parole to individuals in state custody who are at least 60 years old, but not if they are in prison for certain enumerated crimes." *Abdulhaseeb v. Rankins*, No. 22-6152, 2023 WL 2147328, at *1 (10th Cir. Feb. 22, 2023). As relevant here, the Aging Prisoners' Parole system prescribes that parole may not be granted to an applicant who is "imprisoned for a crime enumerated in Section 13.1 of Title 21 of the Oklahoma Statutes or Section 571 of Title 57 of the Oklahoma Statutes." Okla. Stat. tit. 57, § 332.21(A)(4).

On January 27, 2023, the PPB denied Petitioner's application because: (1) Petitioner "did not have the Record Officer at the DOC facility complete the Eligibility Section as per the directions"; and (2) Petitioner is imprisoned for a crime enumerated in one or both of the prohibited statutes. *See* Pet. Ex. 4 (Doc. No. 1-4) at 87-88 ("Murder 1 is ineligible for aging prisoner parole."); *see also* Okla. Stat. tit. 21, § 13.1 (prescribing that persons convicted of "[f]irst degree murder" "shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment . . . prior to becoming eligible for

consideration for parole"); *id.* tit. 57, § 571(2)(i) (identifying first-degree murder as a "[v]iolent crime").

Petitioner now seeks federal habeas relief on four grounds.

> Habeas review under § 2241 is available "if an individual is in custody in violation of the Constitution or laws or treaties of the United States. The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from custody." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotations and citations omitted).

*Abdulhaseeb v. Rankins*, No. CIV-21-1016-HE, 2022 WL 3567183, at *1 (W.D. Okla. Aug. 18, 2022).

Liberally construed, Petitioner claims that the Aging Prisoners' Parole system and/or his denial of parole under that system violate: (1) the Eighth Amendment, as well as the Oklahoma Constitution; (2) due process; (3) the Ex Post Facto Clause; and (4) equal protection. *See* Pet. at 6-7, 9-12 (requesting that the Court order his "immediate release from unlawful confinement").

II.     *The Report and Recommendation*

In the R. & R., Judge Green summarized Petitioner's factual allegations and legal claims, as well as the applicable standards of review. Judge Green considered each of Petitioner's challenges to the Aging Prisoners' Parole system and concluded that none of them provided a basis for relief under 28 U.S.C. § 2241. *See* R. & R. at 5-10.

The Court herein addresses Petitioner's objections that are "sufficiently specific" to preserve the relevant disputed issues for de novo review. *2121 E. 30th St.*, 73 F.3d at 1059; *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)

("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Petitioner first argues that the magistrate judge erred in denying Petitioner's application for leave to proceed *in forma pauperis*, despite Petitioner having paid the requisite filing fee, because Petitioner should have been appointed representation and permitted to take discovery in this matter. *See* Pet'r's Obj. at 3. Again, the Court discerns no error here. Even if Petitioner had been granted leave to proceed *in forma pauperis*, appointment of counsel and leave for discovery are separate matters and were not warranted at this preliminary stage. *See* R. 4, 6, 7, R. Governing § 2254 Proceedings in U.S. Dist. Cts.; *Holloway v. Hatch*, 250 F. App'x 899, 901 (10th Cir. 2007).

Next, Petitioner objects that the magistrate judge improperly failed to consider his argument that his denial of parole under the Aging Prisoners' Parole system violated the Oklahoma Constitution. *See* Pet'r's Obj. at 5-6, 8-9, 16, 23; *see also* Pet. at 6, 9. "[F]ederal habeas corpus relief does not lie for errors of state law," however. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). The Court overrules this objection.

Petitioner also objects that the R. & R. only addresses one of his attempts to obtain parole under the Aging Prisoners' Parole system, even though the Petition alleges there was a subsequent denial in "April, 2023." Pet. at 2; *see* Pet'r's Obj. at 4. According to Petitioner, on his April 2023 application he supplied the eligibility certification that had been missing from his January 2023 application. *See* Pet. Ex. 4, at 89. Petitioner alleges that he did not receive a response from the PPB on the April 2023 application; Petitioner

4

therefore "deem[s] the subsequent application denied" with "no reason" provided. Pet'r's Obj. at 6-7 & n.4. Petitioner challenges the propriety of this deemed denial given his completion of the eligibility certification. *See id.* at 8 (arguing that "[i]f not having the Records Officer at the Department of Corrections facility complete the Eligibility Section . . . is deemed justification for denial of parole," then "surely" having completed that section "is justification for a grant of such parole"). Petitioner here ignores the fact that, regardless of any eligibility certification, the April 2023 application would be subject to denial under the express terms of the relevant statute because of his imprisonment on a sentence for first-degree murder. *See* Okla. Stat. tit. 57, § 332.21(A)(4). The Court does not find any error of consequence in the R. & R.'s consideration of the subsequent parole application.

The remainder of Petitioner's Objection largely repeats Petitioner's criticisms—already addressed and rejected in the R. & R.—of the parole process set forth in section 332.21 and of the disposition of his applications for relief under that process. Petitioner's disagreement with minor factual aspects of Judge Green's analysis does not evince any error in the reasoning or the recommendation set forth in the R. & R. The Court concurs with the magistrate judge that Petitioner "is not entitled to relief" under 28 U.S.C. § 2241. R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also Abdulhaseeb*, 2022 WL 3567183, at *2-4.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation issued July 5, 2023 (Doc. No. 7) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus Under

28 U.S.C. § 2241 (Doc. No. 1) is DISMISSED pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

IT IS SO ORDERED this 29th day of December, 2023.

CHARLES B. GOODWIN
United States District Judge