# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSEPH M. JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-463-G** |
| | ) | |
| **STEVEN HARPE, Director,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

On December 29, 2023, the Court dismissed Petitioner Joseph M. Jackson's 28 U.S.C. § 2241 habeas corpus petition for failure to plead a claim upon which relief can be granted.  *See* Order of Dec. 29, 2023 (Doc. No. 9) at 1, 4-5; *see also* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. (prescribing that "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court" "the judge must dismiss the petition"). Petitioner has filed a Notice of Appeal of the Court's disposition of his habeas petition. *See* Doc. No. 11.

Now before the Court are several motions filed by Petitioner, a state prisoner appearing pro se.  First, Petitioner requests that the Court "stay the execution of the judgment" in this action.  *See* Doc. No. 14.   Even liberally construed, the Motion fails to explain which aspect of the Judgment should be stayed or to adequately show that a stay is warranted given the currently pending appeal.  *See id.* at 1-5; J. (Doc. No. 10).

Next, Petitioner seeks "Bail Pending Review," seeking to be released on bail while his appeal proceeds in the Tenth Circuit Court of Appeals.  *See* Doc. Nos. 15, 16.

Petitioner is in the custody of the State of Oklahoma, rather than federal custody, however. Petitioner offers no authority for the proposition that the Court may properly release him on bail from a state facility.

Finally, Petitioner requests the appointment of representation to assist him with his appeal. *See* Doc. No. 13. As the habeas petition has been dismissed, Petitioner has no constitutional or statutory right to counsel. *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); R. 8(c), R. Governing § 2254 Cases in U.S. Dist. Cts. Under 18 U.S.C. § 3006A(a)(2)(B), the district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also* 28 U.S.C. § 2254(h). Pertinent factors include the complexity of the case and the petitioner's ability to investigate and present his claims. *Hoggard*, 29 F.3d at 471.

The Court recognizes that Petitioner is incarcerated and is not trained in the law, but under the governing authorities, these factors do not, standing alone, warrant appointment of counsel. Petitioner's action has been dismissed, but Petitioner has been able to present his allegations and objections in articulate and reasonably clear form. Accordingly, the Court will deny Petitioner's request at this time.

## CONCLUSION

For all these reasons, Petitioner's Motions (Doc. Nos. 13, 14, 15) are DENIED.

IT IS SO ORDERED this 2nd day of February, 2024.

CHARLES B. GOODWIN
United States District Judge